USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/5/2023

**U.S. Department of Justice**

United States Attorney
Southern District of New York

86 Chambers Street
New York, New York 10007

April 27, 2023

VIA ECF
Hon. Katharine H. Parker
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007

> Respondent is relieved of its obligation to file a complete administrative record and instead is permitted to file a return with documents relevant to its response.
>
> SO ORDERED:
>
> *Katharine H. Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE   5/5/2023

Re: *Palacios Alvarado v. Gillis, et al.*, No. 22 Civ. 10082 (JLR-KHP)

Dear Judge Parker:

      This Office represents the government in this action in which the petitioner, Lucas Palacios Alvarado, ("Mr. Palacios" or "Petitioner"), seeks a writ of habeas corpus directing respondent Department of Homeland Security to release the Petitioner from their custody pursuant to 28 U.S.C. § 2241(c)(1) and (3) and to grant "any other and further relief which this Honorable Court deems just and proper." *See* ECF Nos. 1 and 3. The Court ordered the government to respond to Mr. Palacios' filing by May 23, 2023, and to file and serve an administrative record that "includes any hearing, transcripts, briefs, and opinions in the underlying immigration proceedings." *See* ECF No. 4. However, in habeas cases challenging immigration detention, the government does not generally file the administrative record of the immigration proceedings, but instead files a return with documents relevant to the government's response to the petition. *See Morocho v. Burnett*, No. 22 Civ. 1262, Dkt. #13 (S.D.N.Y. Jun. 8, 2022); *Perez Melo v. DuBois*, No. 22 Civ. 9912, Dkt. #10 (S.D.N.Y. Dec. 22, 2022); *Rodriguez v. Orange Cnty. Corr. Facility,* No. 23 Civ. 242, Dkt. #18 (S.D.N.Y. Mar. 8, 2023); s*ee also Andoh v. Barr,* No. 19 Civ. 8016, Dkt. #6 (S.D.N.Y. Aug. 28, 2019); *Lazo v. Decker,* No. 19 Civ. 8513, Dkt. #4 (S.D.N.Y. Sep. 19, 2019); *Huerta v. Decker,* No. 19 Civ. 10872, Dkt. #4 (S.D.N.Y. Nov. 25, 2019) (orders requesting the government file a return).

      The substantive merits of Petitioner's removal are exclusively before the Second Circuit on his pending petition for review, 2d Cir. No. 22-6366, and the sole issue for review in this habeas action is the propriety of Petitioner's detention. *See* 8 U.S.C. §§ 1252(a)(5), (b)(9); *Singh v. U.S. Citizenship and Immigr. Servs.*, 878 F.3d 441, 446 (2d Cir. 2017) ("Congress's intent in enacting the REAL ID Act provisions at issue was to streamline judicial scrutiny of removal orders by consolidating those proceedings in one forum and to eliminate the possibility of piecemeal challenges."); *Vidhja v. Whitaker*, No. 19-cv-613, 2019 WL 1090369, at *3–5 (S.D.N.Y. Mar. 6, 2019) (Gardephe, J.) (finding no jurisdiction to consider habeas petition seeking stay of removal while motion to reopen was pending because such challenge was an indirect challenge to the removal order); *see also Resheroop v. Garland*, 577 F. Supp. 3d 180, 184 (W.D.N.Y. 2022) ("District courts do not have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal; jurisdiction to review such challenges rests exclusively in circuit courts."). Accordingly, the government respectfully requests that the Court relieve it of the obligation to file an administrative record and instead permit it to file a return with only the documents relevant to the government's response.

I thank the Court for its consideration of this letter.

                                                Respectfully submitted,

                                                DAMIAN WILLIAMS
                                                United States Attorney

By:   *s/ Nancy Pham*
        NANCY D. PHAM
        Special Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, New York 10007
        Telephone: (202) 305-8062
        E-mail: nancy.pham3@usdoj.gov
        *Attorney for Respondents*

cc: Counsel of record (via ECF)