USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/3/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PALACIOS ALVARADO,

                      Petitioner,

      -against-

SHAWN GILLIS, et. al.,

                      Respondents.

**REPORT AND RECOMMENDATION ON HABEAS PETITION**

**22-cv-10082**

**TO:** HON. JENNIFER L. ROCHON, United States District Judge
**FROM:** KATHARINE H. PARKER, United States Magistrate Judge.

      Petitioner Lucas Palacios Alvarado brings this habeas action pursuant to 28 U.S.C. § 2241 seeking release from immigration custody. The government opposes the petition but argues as a threshold matter that this action must be transferred to the Western District of Louisiana because this Court lacks jurisdiction over the petition. For the reasons set forth below, I agree that this Court lacks jurisdiction over the petition, but I find that the proper venue is the Southern District of Mississippi, and I respectfully recommend that this action be transferred to the Southern District of Mississippi.

## BACKGROUND

      Alvarado is a native and citizen of Honduras. (Pet. ¶ 16.) On or about April 30, 2014, he entered the United States. (*Id.* at ¶ 19.) On May 1, 2014, he was designated an Unaccompanied Alien Child and placed in the custody of the Office of Refugee Resettlement ("ORR") of the U.S. Department of Health and Human Services. (Opp. 3.) On May 13, 2014, he was released from ORR custody to the custody of his father, who resided in New York. (*Id.*)

Because he was aging out of ORR jurisdiction, on September 4, 2014, one day before he turned 18 years old, Alvarado requested asylum and related relief by filing a Form I-589 with U.S. Citizen and Immigration Services ("USCIS").  On November 6, 2014, an asylum officer interviewed Alvarado and later determined that he was not eligible for asylum.  (*Id.*)  Alvarado's asylum application was then referred to an immigration judge.  Alvarado was not detained at that time and continued living in New York.

On September 16, 2019, the Nassau County Police Department ("NCPD") arrested and charged Alvarado with possessing cocaine in violation of New York Penal Law ("NYPL") § 220.06(05).  On November 19, 2019, Alvarado pleaded guilty to one count of disorderly conduct in violation of NYPL § 240.20.  (*Id.*)

Less than a year later, on May 16, 2020, NCPD again arrested Alvarado, this time for driving while intoxicated and assault causing injury, in violation of NYPL §§ 120.00(02) and 120.20, and New York Vehicle and Traffic Law ("VTL") § 1192(03).  (*Id.*)  According to Alvarado, after visiting with friends and drinking "a couple of beers," he drove a friend home and while driving "momentarily closed and then reopened his eyes" and "hit the car ahead of him in the rear."  (Pet ¶ 23.)  A four-year-old child in the back seat of that car sustained a leg fracture in the accident.  (*Id.*)  Alvarado pleaded guilty to one count of assault in the third degree in violation of NYPL § 120.00(02) and one count of driving while intoxicated in violation of VTL § 1192(02).  He was sentenced to 30 days in jail, three years of probation, alcohol treatment, and payment of monetary fines.  His jail time commenced on August 11, 2021.  (Opp. 3-4.)

On August 20, 2021, after Alvarado was released from jail, U.S. Immigration and Customs Enforcement ("ICE") officers arrested Alvarado and served him with a notice of

custody determination, notifying him that he would be detained pending his removal proceedings because ICE deemed him a danger to the community. He was then placed in Orange County Correctional Facility in New York. (*Id.* at 4.) ICE advised Alvarado that he could seek a review of ICE's custody determination before an immigration judge, which Alvarado did.

On February 14, 2022, the immigration judge denied Alvarado's request for asylum relief and withholding of removal. (Pet. Ex. B.) Alvarado appealed that decision to the Board of Immigration Appeals ("BIA"). Additionally, the immigration judge held a bond hearing but denied bond, finding that Alvarado was a danger to the community and posed a flight risk. Alvarado also appealed that decision.

On July 25, 2022, ICE transferred Alvarado from Orange County Correctional Facility to Adams County Detention Center in Natchez, Mississippi. The following day, on July 26, 2022, the BIA dismissed Alvarado's appeal of the decision denying him asylum and relief from removal. That decision rendered Alvarado's removal order administratively final. The BIA later also dismissed Alvarado's appeal of the immigration judge's denial of bond.

On July 29, 2022, Alvarado filed a petition for review of the BIA's decision with the Second Circuit. *See Palacios Alvarado v. Garland*, 22-6366 (2d Cir. 2022). Over a month later, on September 6, 2022, he filed a motion for a stay of removal with the Second Circuit. *Id.* at ECF No. 18. Both his petition for review and for a stay remain pending.

On November 28, 2022, Alvarado filed the instant petition for habeas relief pursuant to 28 U.S.C. § 2241 seeking release on bond.

Since filing his petition with the Second Circuit, ICE has conducted at least two additional reviews to determine whether Alvarado should remain detained. On both occasions, ICE determined that he should remain detained.

On March 16, 2023, Alvarado was transferred from Adams County Detention Center to Winn Correctional Center in Louisiana. (Opp. at 6.)

## **DISCUSSION**

Federal district courts may grant a writ of habeas corpus only "within their respective jurisdictions." 28 U.S.C. § 2241(a).

Jurisdiction is determined by the location of the "proper respondent," who is "the person having custody of the person detained." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citing 28 U.S.C. § 2242 and § 2243); *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973) (writ of habeas corpus acts upon custodian of petitioner).

The Supreme Court in *Rumsfeld v. Padilla* established the rule that in challenges seeking release from custody — so-called "core challenges"—"the proper respondent is the warden of the facility where the prisoner is held." 542 U.S. 426, 442 (2004). Although *Padilla* did not concern an immigration detention, the majority of courts in the District have applied *Padilla's* reasoning to habeas cases seeking release from immigration detention or, alternatively, a bond hearing. *Singh v. Decker*, 2021 WL 23328 (S.D.N.Y. Jan. 4, 2021) (collecting cases); *see also Sanchez v. Decker*, 2019 WL 6311955, *3 (S.D.N.Y. Nov. 25, 2019); *Darboe v. Ahrendt*, 442 F. Supp. 3d 592, 594 (S.D.N.Y. 2020). They recognize that there is no basis for finding that the warden of the facility in which an immigration detainee is held does not have "immediate custody" and the power to produce or release such detainee. *Id*.

Jurisdiction is "evaluated at the time the petition is filed," and "is unaffected by any subsequent transfers of the petitioner." *Sanchez v. Decker*, 2019 WL 6311955, at *2 (S.D.N.Y. Nov. 25, 2019). Accordingly, the "proper respondent" in a habeas case seeking release from immigration detention is "the warden of the facility where the detainee is held at the time he files his request for habeas relief." *Golding v. Sessions*, 2018 WL 6444400, at *3 (S.D.N.Y. Dec. 6, 2018).

In this case, the proper respondent is the warden of the Adams County Detention Center in Natchez, Mississippi – the facility that was holding Alvarado at the time he filed the instant Petition. The fact that Petitioner was transferred to another District since filing the Petition is "of no moment" to the question of jurisdiction. *Id.* (transferring habeas case to district where the petitioner was held at the time the petition was filed, notwithstanding the fact that the petitioner had since been relocated to another location). Accordingly, this matter should be transferred to the United States District Court for the Southern District of Mississippi, which is the appropriate district having jurisdiction over the Warden of Adams County Detention Center. *See Raghav v. Wolf*, 522 F. Supp. 3d 534, 550 (D. Ariz. 2021) (transferring habeas case to United States District Court for the Southern District of Mississippi where petitioner was held at the Adams County Detention Center at the time the petition was filed).

Petitioner acknowledges the majority view in this District but urges the Court to follow the minority view on the ground that ICE may try to evade jurisdiction and delay resolution of the Petition by transferring him in the future to other facilities. However, because jurisdiction is evaluated at the time the petition is filed, and is unaffected by any subsequent transfers, once this matter is transferred to the proper venue, the transferee court will have jurisdiction

to resolve the petition regardless of whether Petitioner is transferred to another facility. *Golding*, 2018 WL 6444400, at *3.

Petitioner was not detained in this District when he filed the instant petition and has not been detained in this District at any time during the pendency of this action. Therefore, this Court lacks jurisdiction to resolve this petition, and accordingly, I do not address the other arguments raised in the petition, which should be decided by the transferee court.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that this case be transferred the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1631.

Dated: August 3, 2023  
        New York, NY

Respectfully Submitted,

*Katharine H. Parker*  
KATHARINE H. PARKER  
United States Magistrate Judge

### NOTICE

**The parties shall have fourteen days from the service of this Report and Recommendation to file written objections to the Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.** *See also* **Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)).**
**If any party files written objections to this Report and Recommendation, the opposing party may respond to the objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Jennifer L. Rochon at the United States Courthouse, 500 Pearl Street, New York, New York 10007, and to any opposing parties.** *See* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Rochon. The failure to file these timely objections will result in a waiver of those objections for purposes of appeal.** *See* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b);** *Thomas v. Arn***, 474 U.S. 140 (1985).**

6